# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DARREN TAYLOR,

        Petitioner,      :      Case No. 3:17-cv-249

  - vs -                          District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

TOM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

                                      :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought pursuant to 28 U.S.C. § 2254, is before the Court for initial screening under Rule 4 of the Rules Governing § 2254 Proceedings. As with all habeas corpus cases filed at Dayton, it has been referred to the undersigned under the Dayton General Order of Assignment and Reference.

Mr. Taylor seeks to obtain relief from his conviction in the Montgomery County Common Pleas Court (Case No. 2011 CR 4317) on two counts of murder and one count each of felonious assault, aggravated robbery, and having weapons under disability (Petition, ECF No. 1-2, PageID 10). Judgment was entered May 1, 2013. Taylor indicates he appealed and the Ohio Second District Court of Appeals affirmed the conviction March 18, 2016 (2016 Ohio App. LEXIS 991), while the Ohio Supreme Court declined jurisdiction over a further appeal July 27, 2016 (Case Nol. 2016-0642, reported at 54 N.E. 2d 1269).

1

Taylor acknowledges his previous case seeking relief from the same conviction, *Taylor v. Schweitzer,* Case No. 3:16-cv-101, (hereinafter the "2016 Case"). In the Petition there he identified the same conviction in the same Montgomery County Common Pleas case on the same charges (2016 Case ECF No. 2, PageID 18). However, he also identifies a Second District decision on June 13, 2014, reported at 2014 Ohio 2550, further appellate jurisdiction declined at 2015 Ohio 1099. *Id.* at PageID 19. In the 2016 Case, final judgment was entered December 28, 2016 (ECF No. 22). Taylor appealed and the Sixth Circuit denied his application for a certificate of appealability. *Taylor v. Warden*, Case No. 17-3072 (6th Cir. Jun. 27, 2017)(unreported; copy at 2016 Case ECF No. 26).

Under 28 U.S.C. § 2244(b), a prisoner must obtain prior permission from the circuit court of appeals before filing a second or successive habeas corpus petition in federal court. While not every second-in-time habeas application is considered second-or-successive, this Petition plainly is. It seeks relief from the same conviction entered in the same Montgomery County Common Pleas case. Although there has been subsequent litigation in that case over Taylor's claimed right to a free trial transcript, the judgment in that case has not been modified. Compare, *Magwood v. Patterson*, 561 U.S. 320 (2010); *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015); *In re Stansell*, 828 F.3d 412 (6th Cir. 2016),

When a habeas application is second-or-successive, a district court lacks jurisdiction to consider it until the Sixth Circuit has granted permission. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart,* 549 U.S. 147 (2007); *Moreland v. Robinson,* 813 F.3d 315 (6th Cir. 2016).

It is accordingly respectfully recommended that this case be TRANSFERRED to the

United States Court of Appeals for the Sixth Circuit for that court to determine whether Taylor should be permitted to proceed on this current habeas corpus application.

July 27, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).